```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY


HARRIS TYCEAN,                   :
                                 :    Civil Action No. 11-1503 (RBK)
              Plaintiff,         :
                                 :
         v.                      :    MEMORANDUM AND ORDER
                                 :
KARL SENULA,                     :
                                 :
              Defendant.         :    CLOSED
```

Plaintiff Harris Tycean, a prisoner confined at Gloucester County Correctional Facility, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought *in forma pauperis* are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal *in forma pauperis*.

Under the PLRA, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each

prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

In this action, Plaintiff failed to submit a complete <u>in forma pauperis</u> application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  While Plaintiff did file an Application to Proceed Without Prepayment of Fees, Plaintiff failed to include a six-month institutional account statement certified by an Authorized Officer of the Institution as required by 28 U.S.C. § 1915(a)(2).

To the extent Plaintiff asserts that prison officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified account statement and the prison officials' refusal to comply, including the dates of such events and the names of the individuals involved.

IT IS THEREFORE on this   28th   day of   March  , 2011,

ORDERED that Plaintiff's Application to proceed <u>in forma pauperis</u> is DENIED; and it is further

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the Complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of the Court shall supply to Plaintiff a blank form Application, for use by a prisoner, to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> in a Civil Rights Case; and it is further

ORDERED that if Plaintiff wishes to reopen this action, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete in forma pauperis application, including an affidavit of indigence and six-month prison account statement, certified by the appropriate official of each prison at which the prisoner is or was confined, or (2) the $350 filing fee; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail;

ORDERED that the Clerk of the Court shall close the file in this matter.

s/Robert B. Kugler  
Robert B. Kugler  
United States District Judge